[Civ. No. 5924. Third Appellate District.—December 28, 1937.]

WESTERN STATES HOLDING COMPANY (a Corporation), Respondent, v. ARTHUR C. VAUGHAN et al., Appellants.

Arthur C. Vaughan, *in pro. per.*, Benjamin H. Sheldon and Reay, Scharf & Reay for Appellants.

Ray R. Rogers and Bernstein & Spizer for Respondent.

PULLEN, P. J.—This appeal arose out of an action in ejectment brought by Vera C. Seiler. In November, 1930, Vera C. Seiler purchased the property here in question at a foreclosure sale at which Protective Building & Loan Association sold the property to satisfy a deed of trust by Jessie Vaughan to secure the repayment of a promissory note of some $30,000. Arthur C. Vaughan and Libbie L. Vaughan, two of the appellants herein, claiming to be the owners of the property, refused to surrender possession to the purchaser, and this action followed.

After the commencement of the action Vera C. Seiler conveyed her interest in the property to Western States Building & Loan Association, and later, by order of the court, respondent Myron H. Wells, as trustee, was substituted as plaintiff, and thereafter Western States Holding Company was substituted as plaintiff. From the testimony, concerning which there is but little dispute, it appears that prior to March, 1925, Carolyn and Harrison Henrich, husband and wife, were the owners of a certain lot in the city of Los Angeles, which was improved with a large apartment house which they agreed to sell to Arthur C. Vaughan. The apartment house was moved from the Henrich property and located on the property here involved, the consideration for the purchase price of

the Henrich property being cash and a lease to Henrich on the apartment house. The various papers were placed in escrow, and upon the completion thereof, the grantee named in the deed was Jessie Vaughan, and the trust deed, signed by Jessie Vaughan, was delivered, together with the note secured thereby, to the Building & Loan Association.

Mr. and Mrs. Henrich and Mr. and Mrs. Vaughan occupied apartments in the building after it was moved to the property here involved, until some time in September, 1927, when Libbie L. Vaughan left the apartment and has ever since resided elsewhere. After Libbie L. Vaughan left, the Henrichs furnished an apartment for Vaughan and leased the same to him, and at about the same time Jessie Vaughan, a sister of Arthur C. Vaughan, came to act as housekeeper for him.

It is the contention of appellants that the property in question was at all the times herein mentioned the property of Arthur C. Vaughan and the community property of Arthur C. Vaughan and Libbie L. Vaughan, and that Jessie Vaughan at no time was the owner of the property or in the possession thereof nor did she claim to be the owner or entitled to the possession, but that she held the naked legal title in trust for Arthur C. Vaughan.

It is also claimed by appellants that respondent in his answer to the cross-complaint admitted that Vaughan was the owner of the fee in the property, which was one of the issues in the case, but respondent points out this allegation was amended and this admission was changed to a denial.

Prior to the trial of this action a motion was made by plaintiff for leave to file a supplemental answer to the cross-complaint setting up the prior determination of the issues raised by appellants, and which had by that time been determined in a prior action. Permission was granted, and all the papers including the judgment roll in a former action entitled *Vaughan* v. *Peoples Mortgage Co.*, reported in 130 Cal. App. 632 [20 Pac. (2d) 335], were received in evidence. That was an action filed by Arthur C. Vaughan and Libbie L. Vaughan, as plaintiffs against the Peoples Mortgage Company, and Protective Building & Loan Association et al., to enjoin the foreclosure of certain trust deeds upon the property here in question. In that complaint plaintiffs allege that Arthur C. Vaughan and Libbie L. Vaughan were the owners in fee of the property and when the property was

acquired by them the same was deeded by the grantor to Jessie Vaughan without the knowledge and consent of Libbie L. Vaughan, and that the property was held in trust by Jessie Vaughan for Arthur C. and Libbie L. Vaughan, and that the property was the community property of Arthur C. and Libbie L. Vaughan.

It is also therein alleged that Arthur C. Vaughan arranged to borrow from Protective Building & Loan Association the sum of $25,000, and as evidence thereof Jessie Vaughan made and delivered to Protective Building & Loan Association a promissory note secured by a trust deed upon the property, which deed of trust was signed by Jessie Vaughan at the instance and request of Arthur C. Vaughan and without the knowledge or consent of Libbie L. Vaughan.

The findings of fact and conclusions of law in that action are too long to be here set forth, but in effect they held contrary to the contentions of the Vaughans. The court found that it was not true that Arthur C. Vaughan and Libbie L. Vaughan were the owners in fee simple of the property, nor that at the time the property was acquired the same was deeded by the former owner to Jessie Vaughan without the knowledge and consent of Libbie L. Vaughan, and that it was not true that the property was held by Jessie Vaughan in trust for Arthur C. Vaughan and Libbie L. Vaughan, but on the contrary the property was acquired by Jessie Vaughan with funds received by her as the proceeds of a loan secured upon property, and that the property was not the community property of Arthur C. Vaughan and Libbie L. Vaughan. The court also found that during all the times in question Arthur C. Vaughan represented himself as agent of Jessie Vaughan, and was authorized so to do by a power of attorney and that she subsequently approved and ratified all of his acts in connection with the property.

In the case now before us appellants advanced many of the points contended in the former case but, according to our opinion, these have been disposed of in that case. (*Vaughan* v. *Peoples Mortgage Co.*, *supra*.)

The first point urged by appellant has to do with the purported admission of plaintiff that Arthur C. Vaughan was the owner in fee simple of the property in question. However, in an amendment to plaintiff's answer to the cross-complaint, of which appellants had notice, this allegation was properly denied, which disposes of that objection.

■ Appellants contend that by virtue of the grant deed from Jessie Vaughan to Arthur C. Vaughan he thereby became the owner of the property. However, the record discloses that prior to the execution of this deed Jessie Vaughan had subjected the property to a lien of the deed of trust, and it was by virtue of the foreclosure of this deed of trust that respondent claims title. There is nothing to show that the particular deed from Jessie Vaughan to Arthur C. Vaughan was recorded prior to the deed of trust, but the record does show that Arthur C. Vaughan had knowledge of the existence of the trust deed, inasmuch as he acted as attorney in fact for Jessie L. Vaughan, and he took the property with knowledge of the existence of the trust deed and therefore subject thereto. Any interest, therefore, which Arthur C. Vaughan might have had by reason of the deed was acquired by Vera C. Seiler, who purchased the property and secured the trustees' deed upon the sale.

■ It should be recalled too, this being an action in ejectment, it was unnecessary to prove that Arthur C. Vaughan was the owner of the property, it being only necessary to allege and prove that he was in possession thereof.

■ It is further contended that neither the original plaintiff in this action nor Myron H. Wells, the substituted plaintiff have shown title or prior possession. This argument is based upon the contention of appellants that Jessie Vaughan had no title to the property but held only the naked title. This point was fully considered in the former case, *supra*, where it was held that Jessie Vaughan was the owner of the property, which was paid for from the proceeds of a loan thereon made to her.

■ It was also urged by appellant that it was not shown that defendants were in possession at the time of the commencement of the action, but an examination of the record shows that Arthur C. Vaughan, called as a witness, testified that he resided in an apartment on the property since June, 1925, and that Jessie Vaughan lives upon the premises, acting as housekeeper for him, and that Henrich, as lessor, leased the apartment house from him.

■ Appellants also claim that plaintiff has failed to properly plead estoppel by judgment. Respondents, however, have set forth in the supplemental answer filed herein all the appropriate issues raised in the former case, and an examina-

tion of the supplemental answer shows that all of the information required by law to be set forth was there shown.

Various other points are presented, but we believe sufficient appears from the foregoing that the trial court was correct in reaching its judgment in favor of respondent herein.

The judgment should therefore be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 28, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1938.